IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTINE RENEE INGRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-3157 |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Christine Ingrum's Motion to Supplement the Record Instanter (d/e 15) (Motion). Ingrum seeks leave to supplement the Certified Transcript of Proceedings before the Social Security Administration (d/e 13) (Record) with 50 pages of additional medical records (Supplement). For the reasons set forth below, the Motion is DENIED; provided however, that the Court will consider the Supplement as an exhibit to Ingrum's pending Motion for Summary Judgment (d/e 17) (Summary Judgment Motion).

## BACKGROUND

On April 2017, Ingrum protectively filed applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and

XVI of the Social Security Act (collectively Disability Benefits).  Her claims were denied initially and on reconsideration.  She sought review before an Administrative Law Judge (ALJ).  <u>See</u> <u>Record</u>, at 13 <u>Decision of the ALJ dated June 17, 2019 (ALJ Decision)</u>.  On February 12, 2019, counsel for Ingrum sent the Supplement to the offices of the ALJ to be included in the Exhibits to be considered by the ALJ (Exhibits).  The Supplement, however, was not included in the Exhibits.  <u>See</u> <u>Record</u>, at 25-29 <u>List of Exhibits in the Record</u>.

On April 8, 2019, the ALJ held an evidentiary hearing in this matter. Ingrum appeared in person and with her attorney Bradley Bauer.  At the beginning of the hearing, the ALJ had the following colloquy with attorney Bauer regarding the completeness of the Exhibits:

> ALJ: . . . Mr. Bauer, sir, have you had the opportunity to review the record?
>
> ATTY: I have, Your Honor.
>
> ALJ: Do you have any objections to any of the evidence in the record at this time?
>
> ATTY: I do not, Your Honor.
>
> ALJ: All right. We did receive some updated records from Gerard Family Healthcare. Those came in last week. I did not have a chance to look those over. If you wouldn't mind just summarizing them at some point a little bit later for me, I'd appreciate that, but I just marked them this morning as 21F. 21F are the updated records from Gerard.

>ATTY: I appreciate that. Okay. Yeah, I'll address that whenever appropriate, Your Honor.
>
>ALJ: Okay. Thank you. And then with that then, I will now admit Exhibits IA up to and including this new document, 21F. IA through 21F comprises our current record. Are there any other records outstanding of which you're aware?
>
>ATTY: No, at the conclusion of that recent appointment note, that should
>
>ALJ: Okay.
>
>ATTY: The record should be complete, Your Honor.

Record, at 33-34, Transcript of Evidentiary Hearing. The Supplement, however, was not in the Exhibits, and Ingrum did not send the Supplement to the ALJ after the hearing. The ALJ issued his Decision on June 17, 2019 denying Ingrum's applications for Disability Benefits. Ingrum appealed to the Social Security Appeals Council. Ingrum did not send the Supplement to the Appeals Council for consideration. On May 18, 2020, the Appeals Council denied Ingrum's request for review. The Decision of the ALJ then became the final decision of the Defendant Commissioner. Record, at 1 Notice of Appeals Council Action.

## ANALYSIS

Ingrum brings this action to appeal the denial of her applications for Disability Benefits. She asks the Court in the Motion to add the

Supplement to the Record.  This Court reviews the Commissioner's decision, in this case the ALJ's decision, to determine whether the decision was supported by substantial evidence.  42 U.S.C. § 405(g); see Richardson v. Perales, 402 U.S. 389, 390 (1971).  In evaluating whether the ALJ erred, the Court can only consider the evidence that was in the record before the ALJ.  Farrell v. Astrue, 692 F.3d 767, 770 (7th Cir. 2012); Diaz v. Chater, 55 F.3d 300, 309 (7th Cir. 1995).  The Supplement was not before the ALJ, so this Court cannot consider the Supplement on this appeal.  The Court sees no reason to add the Supplement to the Record since the Court cannot consider it.

     Ingrum argues that she sent the Supplement to the ALJ so it should be considered on appeal.  The Court disagrees.  Ingrum's counsel should have corrected the omission of the Supplement at the evidentiary hearing.  As quoted above, the ALJ specifically discussed with Ingrum's counsel whether the Exhibits were complete.  Counsel represented to the ALJ that he reviewed the Exhibits and that, with the addition of Exhibit 21F (the records from the Gerard Family Healthcare), "the record should be complete."  Record, at 34.  Counsel had the opportunity to tell the ALJ that the records in the Supplement were missing, but he did not.  Rather, he agreed the Exhibits before the ALJ were complete.  The ALJ was entitled to

rely on counsel's representation and make his decision based on the evidence before him.  The Court sees no fault in the ALJ's action that should allow Ingrum to add the Supplement to the Record after the fact, particularly when the Court cannot consider the Supplement in reviewing the ALJ's Decision anyway.  See Farrell, 692 F.3d at 770.

The Commissioner correctly points out that if Ingrum wishes the Supplement to be considered, she must ask for a remand under 42 U.S.C. § 405(g) sentence six.  Such a remand is appropriate if the party makes a showing of "new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g) sentence six; see e.g., Schmidt v. Barnhart, 395 F.3d 737, 742 (7th Cir. 2005).  Ingrum has not asked for a remand under sentence six so the Court does not address this issue.  Ingrum only moves to add the Supplement to the Record.  As explained above, the Court denies the relief requested.

The Court notes that Ingrum has cited the Supplement in her Summary Judgment Motion.  The Court, therefore, will consider the Supplement as an exhibit to the Summary Judgment Motion, but the Court will not add the Supplement to the Record.

THEREFORE, IT IS ORDERED that Plaintiff's Motion to Supplement the Record Instanter (d/e 15) is DENIED; provided however, that the Court will consider the proposed Supplement as an exhibit to Plaintiff's pending Motion for Summary Judgment (d/e 17).

ENTER:   January 21, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE